KITTLE ET AL. *v.* GARDNER.

[No. 15,022. Filed November 26, 1935. Rehearing denied February 20, 1936.]

*O. S. Boling, L. W. Horning* and *H. C. Craig,* for appellant.

*Anderson, Mayfield & Rynerson,* for appellee.

BRIDWELL, J.—Appellants brought this action against appellee seeking to recover judgment for an amount alleged to be due on a note executed by appellee to the Union Insurance Company of Indiana, and by said company endorsed to appellants. The answer to the complaint was in four paragraphs, the first paragraph being a general denial; the second a plea of no consideration;

the third alleged in substance that the sole and only consideration for the note sued upon was a promise to issue to the defendant (appellee) certain shares of stock in the said Union Insurance Company of Indiana, and that said stock was never issued by said company to the defendant, and this paragraph further alleged that the officers and agents of said company falsely represented to the defendant at the time said note was executed that said company was solvent and that its stock was worth its face value; that defendant (appellee) did not know the value of said stock, and did not know whether or not said company was solvent, but, relying upon said statements and representations, and believing the same to be true, executed said note; that said representations were wholly false and known to be so by plaintiffs' officers and agents; that said stock, at the time of the execution of the said note, and at all times since, was, and is, wholly worthless and of no value whatever; that said insurance company is now and was at the time of the execution of said note, and has been continuously since said time, hopelessly insolvent. The fourth paragraph of answer was a plea of payment to a person named in this paragraph before the commencement of this action.

Appellants filed a motion to require the appellee to separate the third paragraph of answer into two paragraphs, and to make his third and his fourth paragraphs of answer more specific in certain particulars as designated in the motion. The only entry disclosed by the record with reference to any ruling on said motion is as follows:

"Come again the parties and the court having examined the plaintiffs' motion to separate defendant's third paragraph of answer and being duly advised in the premises now overrules said motion, to which ruling of the court the plaintiffs except. . . ."

Following this ruling appellants filed a reply in general denial to appellee's second, third, and fourth paragraphs of answer. Upon the issues thus formed the cause was submitted to a jury for trial, and the jury returned a verdict in favor of appellee. Appellants in due course filed motion for a new trial, asserting as causes therefor that the verdict of the jury is not sustained by sufficient evidence, and that the verdict of the jury is contrary to law. This motion was overruled, and appellants excepted. Judgment on the verdict was rendered, and this appeal followed, appellants assigning errors as follows:

"(1) The court erred in overruling appellants' motion to separate defendant's third paragraph of answer into two paragraphs and to require defendant to make his third and fourth paragraphs of answer more specific.

"(2) The court erred in overruling appellants' motion for a new trial."

With reference to the first error assigned it is to be noted (as appears from the record entry heretofore quoted) that the only ruling made by the court on the motion mentioned in this alleged error was in overruling that specification of the motion which sought to have the court require of appellee that he separate his third paragraph of answer into two paragraphs. Appellants, without obtaining any ruling on that part of their motion which sought to have the third and fourth paragraphs of appellee's answer made more specific, filed their reply in general denial to each of said paragraphs of answer. No ruling having been made by the court determining whether or not the third and fourth paragraphs of answer should be made more specific in the particulars requested by the motion, it necessarily follows that no question concerning this matter is, under such a state of the record, presented to this court for review.

As to the alleged error in overruling the motion to

separate appellee's third paragraph of answer into two paragraphs, we are of the opinion that this action is not available error requiring a reversal of the judgment. If it be conceded that two separate defenses are improperly joined in the said paragraph of answer, still it is well settled by the decisions of our Supreme Court and this court that the overruling of a motion to separate a pleading into paragraphs does not constitute reversible error. *Watson's Revision Works' Practice and Forms,* Vol. 1, sec. 833, and authorities cited.

The remaining error asserted is that the court erred in overruling appellants' motion for a new trial which challenges the sufficiency of the evidence to sustain the verdict and asserts that said verdict is contrary to law. In the first instance it was the duty of the jury to weigh the evidence, draw any reasonable inferences therefrom, and determine the facts under the issues formed. After the filing of the motion for a new trial it became the duty of the court to weigh this evidence and determine its sufficiency to support the verdict, and both the jury and the court below have decided this contention against appellants. This court will not weigh the evidence. We have, however, read all the evidence given at the trial of the cause, and it is of such character that we cannot say that the jury was not warranted in returning the verdict it did, or that the court erred in overruling the motion for a new trial.

Finding no reversible error, the judgment is affirmed.