GIBSON, Respondent, vs. STREETER and another, Appellants:
BUTTERFIELD, Impleaded Defendant and Respondent.

*November 11—December 8, 1942.*

*Thomas E. Torphy* of Milwaukee, for the appellants.

*N. Paley Phillips* of Milwaukee, for the respondent Lester Gibson.

*A. W. Richter* of Milwaukee, for the respondent Carl Butterfield.

FAIRCHILD, J.   Under the testimony presented at the trial on behalf of Streeter, he was entitled to have the case judged by a jury acting with the understanding that one driving with ordinary care in his proper lane of travel, having the right of way and continuing to use ordinary care, may rightfully rely on the assumption that this right of way will be respected. This does not excuse the driver with the right of way from maintaining a proper lookout or from using ordinary care in the operation of his car, but in weighing his conduct it is important to remember that he did have the right to assume that anyone emerging from a private driveway would respect his right of way.   *McCaffery v. Automobile Liability Co.* 176 Wis. 230, 186 N. W. 585.   Butterfield had brought his car to rest in an area off the highway, and while moving from that

place he was bound to yield the right of way "to all vehicles approaching on such highway." Sec. 85.18 (9), (10), Stats.

There is competent testimony that Streeter was proceeding in the exercise of ordinary care with the right of way in his favor; that Butterfield's car came suddenly from where it was parked and invaded Streeter's path when Streeter was so near the point of meeting that stopping was impossible; that the emergency caused by Butterfield's attempted crossing was such as to excuse Streeter from liability for the resulting collision of the two cars. The dangerous condition, according to that testimony, was thus created because of the failure of Butterfield to exercise ordinary care in crossing Highway 19. The instructions as given did not sufficiently cover the matter with relation to Streeter's rights. The jury should have been instructed on Streeter's right to assume that the driver of the Butterfield car, or any other driver emerging from a private driveway, would comply with the rules of the road and yield the right of way. Streeter was entitled to some instructions to the jury on that phase of the case as bearing on the issue of whether he was negligent at all, and also in the comparison of negligence as between Streeter and Butterfield under the cross complaint. This refusal to charge according to the request was prejudicial error, requiring a new trial of the issues. While other errors are urged, we find no further prejudicial error with respect to the court's instructions.

The reversal of this judgment places the entire controversy again before the trial court. The plaintiff has no judgment against Butterfield. As the judgment for Streeter against Butterfield for contribution is dependent on whether plaintiff prevails in securing a judgment against Streeter, there must be a redetermination of that question also. Butterfield has not brought his case here on appeal, but under the decision the foundation of the claim for contribution against him does not

presently exist, and the issue as to his obligation to make contribution to Streeter is undetermined, as well as his liability for property damage claimed by Streeter. The conflict in the testimony as to the manner of Butterfield's approach from the place where he was stopped, the distance at which he observed Streeter's car, and the speed of the Streeter car, creates a jury question as to Butterfield's negligence.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.