BAILEY, Appellant, vs. ZWIROWSKI, Respondent.

*November 9—December 7, 1954.*

For the appellant there was a brief and oral argument by *K. Thomas Savage* of Kenosha.

For the respondent there was a brief by *Cavanagh, Mittelstaed, Sheldon & Heide* of Kenosha, and oral argument by *William A. Sheldon.*

GEHL, J.   The trial judge's reasons for granting a new trial are stated in a memorandum opinion filed by him as follows:

"Although the question presented is not without difficulty the court after very careful and lengthy consideration finds itself obligated to reach the conclusion that under the facts and circumstances of this case it is not within the province of the jury to absolve the plaintiff from negligence with respect to lookout in not making a further observation as he approached and entered the intersection in question and that the court is duty bound as a matter of law to hold that the plaintiff was negligent with respect to lookout. Notwithstanding this conclusion the court is of the opinion that it is clearly within the province of the jury to determine as a matter of fact whether if the plaintiff had kept a proper lookout such negligence was a cause of the collision. A jury might conclude under the evidence in this case that if the plaintiff had kept a proper lookout he could not have avoided the collision and therefore his negligence with respect to lookout was not a proximate cause of the collision. Causation, if found by a jury, would compel a comparison of negligence and under the verdict as it now stands there has been no such comparison."

It is undisputed that there was no stationary obstruction to plaintiff's view to the east for a distance of about 1,000 feet. He testified that when the bus started forward he looked both ways and started up too. He saw nothing. He did not testify that he ever looked to his right again; he did testify

that he never saw defendant's car before the impact; he did not turn his car nor increase nor decrease his speed before the impact.

Upon cross-examination he was asked:

"*Q.* You were simply oblivious to the fact that there was another car approaching were you not? *A.* Yes."

Counsel for plaintiff would excuse his client's failure to make a more efficient observation upon the ground that the presence of the bus obstructed his view to the east. In our view of the case we do not find it necessary to agree or to disagree with him in his contention that there was such obstruction. The operator of an automobile is obliged to make an *efficient* lookout to avoid striking an approaching vehicle whether the vehicle be moving toward him or crossing his path. This is his duty even though the dominant cause of an ensuing collision be the conduct of the other driver. *Cherney v. Simonis,* 220 Wis. 339, 265 N. W. 203; *Canzoneri v. Heckert,* 223 Wis. 25, 269 N. W. 716.

If the bus obstructed his view and on that account he was unable for some little time to see automobiles approaching from the east, he could not properly assume that he would clear the intersection without incident. He was under obligation to look again and when able to see any automobile which might be competing for the intersection. "One must look at a point where his observation will be efficient for protection." *Thieme v. Weyker,* 205 Wis. 578, 580, 238 N. W. 389. One may not drive recklessly into a zone of possible danger and then, after he has been injured or has caused injury, be heard to say that a condition or circumstance that he did not see or look for might possibly have excused his conduct. *Neuser v. Thelen,* 209 Wis. 262, 244 N. W. 801; *Whyte v. Lindblom,* 216 Wis. 21, 255 N. W. 265, 256 N. W. 244.

Plaintiff contends that the trial court failed to give proper consideration to the emergency rule. A quotation from one

of the cases which he cites and which is contained in his brief, suggests the answer to his contention. In *Hoehne v. Mittelstadt,* 252 Wis. 170, 173, 31 N. W. (2d) 150, the court said:

"We think that the emergency rule when properly applied must likewise excuse inaction on the part of the innocent driver in his proper lane of traffic when suddenly confronted with an automobile on the wrong side of the road."

The excuse afforded is to the *innocent* driver. As we have already pointed out, it cannot be said that Bailey, who made only one observation to his right before he proceeded forward, was an innocent driver.

Plaintiff urges that the trial court disregarded the rule which entitled him to assume that defendant would stop and yield to him the right of way. In one of the cases cited by plaintiff is contained a statement of the limitation upon that rule. There the court said that one having the right of way and using ordinary care might rightfully rely on the assumption that his right of way will be respected. The court adds, however, that "this does not excuse the driver with the right of way from maintaining a proper lookout or from using ordinary care in the operation of his car, . . ." *Gibson v. Streeter,* 241 Wis. 600, 602, 6 N. W. (2d) 662.

It is contended by plaintiff that in ordering a new trial the court should have limited the issues. In his memorandum opinion the trial judge stated that the question as to the causal relationship between plaintiff's negligence and the collision is for the jury. No attack is made upon that conclusion. Consequently that question, and if answered in the affirmative, the issue of comparative negligence, must be submitted to the jury.

The trial court did not pass upon the defendant's contention made on motions after verdict that the damages awarded

are excessive. Without its determination we should not pass upon that issue as an original proposition. The trial judge was in much better position than we could possibly be to consider the matter as an original proposition. The issue of damages should be resubmitted. We see no reason for resubmitting to a jury the other issues made by the pleadings.

*By the Court.*—Order affirmed. The issues to be submitted to the jury shall be limited as indicated by this opinion.