WILEY, Appellant, vs. FIDELITY & CASUALTY COMPANY OF
NEW YORK, Respondent.

*February 5—February 28, 1958.*

For the appellant there was a brief and oral argument by *Bernard J. Bertrand* and *James R. Mortell,* both of Green Bay.

For the respondent there was a brief by *Everson, Ryan, Whitney & O'Melia* of Green Bay, and oral argument by *John C. Whitney.*

WINGERT, J. It is conceded by the plaintiff that a new trial granted in the interests of justice is a highly discretionary order and that this court will not reverse such an order unless it clearly appears that there has been an abuse of judicial discretion. However, the plaintiff contends that there was a clear abuse of judicial discretion. It is contended that the trial court's determination that the jury's finding as to plaintiff's negligence as to lookout was against the great weight of the evidence is not sustained on the basis of all the evidence. It is next contended that in making that determination the trial court proceeded upon an erroneous view of the law.

The trial court filed a memorandum decision in which it gave its reasons for the order in more detail than are contained in the order itself. It is argued that the memorandum decision and the order do not state all of the evidence and that the trial court failed to consider that plaintiff was on an arterial highway and knew that traffic entering thereon was required to stop; that the plaintiff looked, saw, and heard a large semitrailer approaching from the north and knew that it was stopping; that plaintiff had a duty to look in other directions; that plaintiff was only 10 feet into the intersection when the collision occurred; that Mrs. Kinnard was negligent with respect to speed and lookout and did not stop at the arterial stop sign and because thereof the plaintiff was confronted with an emergency.

The fact that the trial court did not mention all of these details in its memorandum decision or in the order by no means indicates that they were not given consideration by the court. There is every presumption that an able trial judge with years of experience in the trial of automobile cases

has the testimony adduced at the trial in mind and gives it consideration in ruling on motions after verdict. The only direct testimony as to the efficiency of the lookout maintained by the plaintiff is his own. That testimony in narrative form appears in the plaintiff's appendix as follows:

"But coming into the intersection, I heard a truck to my right. I knew it was a truck because of the noise of the motor. I looked up and at that time the brakes were being applied, and I heard the squeal and then dismissed it from my mind as being nothing but just a truck pulling up to that corner. There were stop lights, stop signs, excuse me, on the right-hand corner or the southeast corner, facing north. To my right, that would be the northeast corner of the intersection. I looked to my left and then on the corner to the left was some shrubbery and I think there are some trees there; and I leaned forward on the steering wheel to see if any cars were coming from the left or if the route turned, to see if it shows a sign of Highway 29. I looked up ahead and across the street was a sign, Highway 29. I looked to my right again and as I looked, this car came from the right and was directly in front of my car at the time. I had not observed that automobile until that time. The only vehicle I saw before was the truck. I saw a yellow truck pull up to the right. I could not say for sure how far away from the intersection the truck was when I first saw it. It was between the corner of the intersection and the back end of the stop sign to my right. I could see the truck between those two particular points. I collided with the car in front of me. If I remember correctly, I struck the car with the front of my vehicle just in front of the front door."

On cross-examination the plaintiff testified that he did not see the Kinnard automobile until it was directly in front of him and four or five feet away. The driver of the semi-trailer who stopped at the arterial sign and saw the accident testified at the trial that the Kinnard automobile had followed him for some distance as he proceeded southerly on Highway 41. When he reached a point about 300 feet north

of the intersection the car pulled out and started to pass him and had passed him when he was about 90 feet from the stop sign located on the north side of the intersection. It is apparent that the automobile was in plain sight for a considerable distance north of the intersection and could have been seen by the plaintiff had he maintained an efficient lookout.

The plaintiff attempts to place too much reliance on his right to assume that no one would invade his lane of traffic where he had the right of way because he was on an arterial highway. A driver cannot rely entirely upon such an assumption. In *Bailey v. Zwirowski,* 268 Wis. 208, 212, 67 N. W. (2d) 262, we said:

"Plaintiff urges that the trial court disregarded the rule which entitled him to assume that defendant would stop and yield to him the right of way. In one of the cases cited by plaintiff is contained a statement of the limitation upon that rule. There the court said that one having the right of way and using ordinary care might rightfully rely on the assumption that his right of way will be respected. The court adds, however, that 'this does not excuse the driver with the right of way from maintaining a proper lookout or from using ordinary care in the operation of his car, . . .' *Gibson v. Streeter,* 241 Wis. 600, 602, 6 N. W. (2d) 662."

Other details of the testimony are cited by the plaintiff, as are several cases that he believes sustain his contentions. The cases cited are all different as to the facts and do not support plaintiff's contentions. Plaintiff argues that the trial court overlooked the negligence of Mrs. Kinnard and has mistakenly applied the "last clear chance" rule in this case. That contention is without merit. The trial court realized, as does this court, from its review of the record that Mrs. Kinnard was negligent in all of the respects found by the jury. Even though the dominant cause of the collision was the negligence of Mrs. Kinnard, the trial court was reviewing

the record as to the negligence of the plaintiff with respect to lookout. The trial court did not apply the "last clear chance" rule or attempt to do so. Nor is the plaintiff entitled to the emergency doctrine to excuse negligent lookout on his part. If he was negligent as to lookout then the emergency was caused in part by his own negligence and the emergency rule would not aid him.

We have checked the record carefully with respect to each of the contentions of the plaintiff and cannot find that there was any abuse of discretion on the part of the trial court in ordering a new trial because the jury's finding with respect to negligence of the plaintiff as to lookout is against the great weight of the evidence. That is sufficient ground for ordering a new trial in the interests of justice. *Guptill v. Roemer,* 269 Wis. 12, 68 N. W. (2d) 579, 69 N. W. (2d) 571.

Finally the plaintiff contends that the jury's award of damages is not excessive considering all of the elements of damage involved. The granting of a new trial in the interests of justice because of excessive damages is also a discretionary order on the part of the trial court. This court has always been reluctant to overrule a trial court's order in such cases. The trial court is in a favorable position to rule thereon because he has seen all of the witnesses and heard all of the testimony. We have viewed the record in the light most favorable to the plaintiff but cannot say that the trial court abused its discretion in ordering the new trial in the interests of justice because the damages found by the jury were excessive.

*By the Court.*—Order affirmed.