Mork, Respondent, v. Schmidt and another, Appellants.

*October 5—November 3, 1959.*

242

For the appellants there was a brief by *Cameron, Cameron, Conley & Shervey* of Rice Lake, and oral argument by *Howard W. Cameron.*

For the respondent there was a brief by *Robert L. Grindell* of Frederic, attorney, and *Roberts, Boardman,*

*Suhr, Bjork & Curry* of Madison of counsel, and oral argument by *Mr. Walter M. Bjork* and *Mr. Grindell.*

BROADFOOT, J.   Prior to the submission of the special verdict to the jury the defendants moved that the court answer the question with respect to the lookout of the plaintiff in the affirmative as a matter of law.   The court denied the motion, and that is the basis of the first claim of error.

Plaintiff testified that he was proceeding east on a town road in the village of Lewis; that he stopped at a stop sign erected thereon prior to entering Highway 35, which is an arterial highway; that he looked in each direction, saw no cars approaching, and proceeded across the intersection in low gear and at a speed of about five miles per hour.   A traffic officer who arrived upon the scene of the accident a short time after it happened was a witness upon the trial. He interviewed the plaintiff at that time and was told by the plaintiff that he did not see the Schmidt car until it was five to 10 feet away.   At the trial plaintiff testified that he did not see the Schmidt car until it was about 35 feet away. Plaintiff attempts to explain his failure to make a more-efficient lookout by showing that it was rainy and foggy. The traffic officer testified that visibility was about 75 per cent of normal.   However, the plaintiff testified that when he looked to the south he could see for half a mile.   In addition, testimony was introduced to show that there is a depression in Highway 35 some distance south of the intersection.   From this testimony it appears that for a distance of 390 feet within the depression a car cannot be seen from the point where the plaintiff stopped.   However, the depression ends 551 feet south of the intersection and during that entire distance a car would be visible.

In ruling upon motions after verdict the trial court felt that it was incumbent upon the defendants to show that the

plaintiff was familiar with this depression in the highway. The plaintiff also argues that since there is no proof that he knew of the depression in the highway the jury was entitled to infer that the Schmidt car was in the depression and out of his sight when he looked to the south. However, the plaintiff had a clear and unobstructed view of cars approaching for a distance of 551 feet to his right. He did know that he was crossing an arterial highway at a very low rate of speed, and we must conclude that he was negligent as a matter of law in proceeding to cross the highway with only the one observation. Under the circumstances the plaintiff was obliged to make an efficient lookout. *Crye v. Mueller,* 7 Wis. (2d) 182, 96 N. W. (2d) 520; *Bailey v. Zwirowski,* 268 Wis. 208, 67 N. W. (2d) 262.

Except for the amount of traffic upon the arterial highway the facts in this case are similar to those in *Lind v. Lund,* 266 Wis. 232, 63 N. W. (2d) 313. The fact that visibility was somewhat below normal required the plaintiff to be more alert and does not excuse his failure to make an efficient and adequate observation. Had the plaintiff made a second observation after he entered the intersection, the Schmidt car would have been in plain sight and at his speed he could have stopped on the west half of the highway and avoided the accident. The record is convincing that plaintiff was negligent with respect to lookout as a matter of law.

The defendants also contend that the trial court was in error in not changing the finding as to Schmidt's negligence with respect to management and control. We cannot agree with this contention. When examined adversely upon the trial, Schmidt testified that he was driving at a speed of 25 to 30 miles an hour; that he saw the plaintiff at a distance of 250 feet moving into the intersection. He did not decrease his speed, blow his horn, swerve to his left, or do anything by way of managing and controlling his automobile

to avoid the accident. Later upon direct examination he testified that the plaintiff did turn south and Schmidt thought he was going to continue in that direction but instead the plaintiff swerved in front of him to the east and that he did not realize that there was danger of a collision until too late to avoid it. The jury could well believe that the plaintiff drove straight into the intersection and thus there was ample evidence in the record to sustain the finding that Schmidt was causally negligent with respect to the manner in which he managed and controlled his automobile.

Finally, the defendants contend that the negligence of the plaintiff equaled or exceeded that of the defendant as a matter of law. We cannot agree with this contention even after finding that the plaintiff was negligent as to lookout. The comparison of negligence must still be made by a jury and this will require a new trial. Since there is no question raised as to damages, the new trial need be had only on the questions of negligence.

*By the Court.*—Judgment reversed. Cause remanded for a new trial on all issues except damages.