354 P.2d 999

J. F. CALLAWAY, Administrator of the Estate of Elmer P. SMITH, Deceased, Plaintiff-in-Error,

v.

Reldon L. RYAN and Alice Ryan, his wife, Jewell E. Oliver and Mary Oliver, his wife, et al., Defendants-in-Error.

No. 6614.

Supreme Court of New Mexico.

Aug. 23, 1960.

William H. Darden, Raton, for plaintiff-in-error.

V. A. Doggett, Raton, for defendants-in-error Oliver.

Robertson & Skinner, Raton, for remaining defendants-in-error.

COMPTON, Chief Justice.

This matter comes before this court on a writ of error to review a judgment dismissing the amended complaint of intervenor. The parties will be referred to as they appeared in the court below. The pertinent facts consist of the dates and manner in which the various pleadings were filed.

The plaintiffs in the court below filed a claim of mechanic's lien on certain properties in Raton on February 25, 1956. On February 27, 1956, the intervenor, J. F. Callaway, administrator of the estate of Elmer P. Smith, who is plaintiff-in-error here, filed a claim of mechanic's lien upon substantially the same properties.

Under date of May 1, 1956, the plaintiffs filed a suit to foreclose their lien, in response to which the defendants, defendants-in-error here, filed a motion to dismiss the complaint. While a hearing on this motion was pending, the intervenor, on July 18, 1956, filed a motion to intervene under Rule 24 of the New Mexico Rules of Civil Procedure, *accompanying this motion with a verified complaint of intervenor* seeking to foreclose his mechanic's lien on substantially the same property as that covered by the plaintiffs'.complaint.

Thereafter, on November 16, 1956, the court heard the defendants' motion to dismiss.the plaintiffs' complaint and heard the intervenor's motion to intervene. The order denied the motion to dismiss but sustained a motion for a more definite state-

ment by permitting the plaintiffs to file either an amended complaint or a separate statement of the facts to be particularized.

In addition, the court granted the motion of the intervenor to intervene in the case, and in so doing used the following language: "The intervenor is hereby permitted to file and serve the Complaint of Intervenor, a copy of which is attached to the motion, or, at his election, he may file an amended complaint."

On May 27, 1957, the intervenor filed an amended complaint in intervention. On June 17, 1957, the defendants filed a motion to dismiss this complaint upon the ground, among others, that the intervenor had not filed the amended complaint within one year after the filing of the lien claim with the county clerk.

The motion to dismiss intervenor's amended complaint was also based on the grounds that the amended complaint did not state that Elmer P. Smith was a licensed contractor at the time the cause of action arose, and that it did not allege that the intervenor, or Elmer P. Smith, was a licensed contractor at the time of the performance of the work or at the time of filing the claim of lien.

The court granted the motion to dismiss the amended complaint, apparently on the ground that prior to the filing of his amended complaint, more than one year had elapsed without the intervenor filing any

pleading to interrupt the running of the one-year statute of limitations on bringing an action to foreclose a mechanic's lien.

The statute setting up such limitation of action is Section 61-2-9, N.M.S.A.1953 Comp., which provides in part, as follows:

"*Limitation on enforcement of lien.* —No lien provided for in this article binds any building, mining claim, improvement or structure for a longer period than one [1] year after the same has been filed, *unless proceedings be commenced in a proper court within that time to enforce the same* * * *" (Emphasis added).

The decisive question is whether the intervenor commenced a proceeding to enforce his claim of lien in a proper court within one year after he filed his claim of lien on February 27, 1956.

The motion to intervene, accompanied by a pleading setting forth the claim of the intervenor and served upon all parties affected thereby as required by Rule 24(c), was filed in the office of the clerk of the court on July 18, 1956. The order allowing the intervention was filed in the office of the clerk of the court on November 16, 1956. Both dates were well within the one-year period. The amended complaint of intervenor was properly filed in accordance with the court's order, but not until some fifteen months after the filing of the claim of lien.

We conclude, as have a number of Federal courts, that the filing and serving of a motion to intervene, accompanied by a pleading setting forth the claim or defense of the intervenor as required by Rule 24(c), is the commencement of a proceeding.

In the recent case of Jack v. Travelers Ins. Co., D.C., 22 F.R.D. 318, 319, the court stated:

"In relation to Rule 24(b) the Court decides that a motion to intervene which sets forth the cause of action sought to be asserted, or which has attached thereto a copy of the proposed complaint, is sufficient compliance with the statute of limitations, if such motion is properly filed prior to the running of the statute, and properly served on defendant(s) without delay."

In Wright v. United States Rubber Co., D.C., 69 F.Supp. 621, 624, the court said:

" * * * it is the general rule that the date of the filing of a petition of intervention is the commencement of a new cause of action, and its filing is treated as of the date of the commencement of the intervening action * * *"

The latter court went on to say that under certain conditions when a motion for intervention is filed, the same relates back to the date of commencement of the

main suit, and that in such cases the statute of limitations is tolled as to the intervenor on the date when the original action is filed. We do not decide whether, under certain limited conditions, this court would apply the relation-back doctrine, since such a ruling is unnecessary to a decision in this case.

A recognized authority on the Federal Rules of Civil Procedure, 4 Moore's Federal Practice, pp. 93–94, Note 2 has this to say:

"*Commencement of intervention action for purposes of statute of limitations.* Where the intervenor comes in to present an affirmative claim and the statute of limitations has not already been tolled as to him * * * the filing of his motion accompanied by his pleading should be regarded as the commencement of his action * * *."

We think this principle is absolutely correct, not only from the standpoint of sound legal precedent, but also as a matter of fairness. Once a motion for intervention has been filed, the petitioner therefor has no control over when the court might hear his motion. Such factors as court delays, illness, full dockets or the necessity for filing briefs, to name a few, might result in the order as to intervention being filed after the statutory period relating to limitation of actions had run, even though the

motion was filed well within the statutory period. Jack v. Travelers Ins. Co., supra.

We conclude that the intervenor did commence a proceeding in a proper court to enforce his claim of lien within the one-year period provided for in Section 61–2–9, supra. The court erred in ruling otherwise.

As previously noted, the motion to dismiss the amended complaint of intervenor contained three grounds therefor. In its judgment of dismissal the trial court stated as follows:

"The court, after due consideration, is of the opinion that the pleading of the plaintiff intervenor was not filed within the time required by law * * * *As to the grounds set forth in sub-paragraphs (b) and (c) of paragraph 2 of the 'Motion to Dismiss Amended Complaint of Intervenor' filed by the defendants Reldon L. Ryan, et al., the court finds it unnecessary to make a decision,* although the court is presently inclined to doubt the soundness of those two grounds. Nevertheless the court is of the opinion that said 'Motion to Dismiss Amended Complaint of Intervenor', considered as a whole, is well taken and should be sustained * * *." (Emphasis added.)

Admittedly the above quoted language is somewhat ambiguous. However, it strongly appears that the trial court ac-

tually dismissed the amended complaint solely on the statute of limitations issue and did not rule on the other two grounds contained in the motion to dismiss.

For this court to rule in the first instance on the validity of grounds raised in a motion to dismiss would be to stray far afield from our function as a court of review. It is the province of the trial court to rule on such matters initially. Murphy v. Kumler, 344 Ill.App. 287, 100 N.E.2d 660; Bailey v. Zwirowski, 268 Wis. 208, 67 N.W. 2d 262; Kittle v. Gardner, 101 Ind.App. 535, 198 N.E. 445. See Miller v. Smith, 59 N.M. 235, 282 P.2d 715.

It is axiomatic that piecemeal litigation is not favored by the courts. Nevertheless, since it is not the proper function of this court to consider the validity of grounds for the dismissal of a complaint until such time as they have been ruled on by the lower court, the judgment must be reversed and the cause remanded to the trial court with a direction to rule on the two grounds for dismissal raised in the motion to dismiss which were not passed upon by the lower court.

It is so ordered.

CARMODY, MOISE and CHAVEZ, JJ., concur.

NOBLE, J., not participating.