394 P.2d 253

Heyward SCOTT and Teresa D. Scott,
Plaintiffs-Appellees,

v.

Robert N. NEWSOM, Ralph Pool, d/b/a Al-
buquerque Auto Sales, and Albuquerque
Auto Sales, Inc., a New Mexico Corpora-
tion, Defendants-Appellants.

ALBUQUERQUE AUTO SALES, INC.,
Intervenor-Appellant,

v.

Heyward SCOTT and Teresa D. Scott,
New Party Defendants-Appellees.

No. 7415.

Supreme Court of New Mexico.

July 20, 1964.

Key & May, Albuquerque, for appellants.

Adams & Pongetti, Albuquerque, for appellees.

CHAVEZ, Justice.

On June 3, 1959, plaintiff Heyward Scott filed a complaint in two counts against "Ralph Poole, d/b/a Albuquerque Auto Sales." The first count was for breach of warranty in that the defendant warranted that said automobile was free from defects in material and workmanship, whereas said vehicle turned out to be defective. The second count alleged that the defendant fraudulently represented that the automobile purchased was a road-tested car. On July 31, 1959, Albuquerque Auto Sales, Inc. filed a petition to intervene which was allowed and, on the same date, intervenor filed a complaint against Heyward Scott and Teresa D. Scott for deficiency on a note resulting from repossession of the automobile which was the subject matter of plaintiff Heyward Scott's complaint.

On July 31, 1959, Ralph Pool answered plaintiff's complaint, alleging that he was not a proper party defendant for the reason that the automobile in question was sold to plaintiff and his wife by Albuquerque Auto

Sales, Inc., a New Mexico corporation, and prayed that the cause be dismissed as to him.

Upon motion of intervenor, an order was entered on July 31, 1959, making Teresa D. Scott a new party defendant and allowing the filing of intervenor's claim. On September 11, 1959, Albuquerque Auto Sales, Inc. filed an answer to the counterclaim of new party defendant Teresa D. Scott. The counterclaim thus answered was filed on January 19, 1961.

On November 28, 1960, Albuquerque Auto Sales, Inc. filed a supplemental complaint realleging all matters set out in the original complaint and alleging the sale of the automobile, the cost of reconditioning said automobile, the cost of publication, and praying judgment in the sum of $1,430.39.

On January 19, 1961, new party defendant Teresa D. Scott filed an answer and counterclaim to the complaint of intervenor Albuquerque Auto Sales, Inc. On January 19, 1961, plaintiff Heyward Scott also filed a reply to defendant's counterclaim.

Trial was held on January 19, 1961, but no decision was rendered.

On April 19, 1961, plaintiffs' attorney was permitted to withdraw as attorney and on July 24, 1961, Judge Paul Tackett recused himself from hearing the cause.

On July 24, 1961, Heyward Scott filed a petition requesting a jury trial and asked that the original complaint be amended to read "fraud" instead of "damages."

On September 18, 1961, Judge Paul F. Larrazolo recused himself from this cause.

On April 12, 1962, J. Victor Pongetti entered his appearance as attorney for plaintiff and new party defendant and, in his motion for leave to amend complaint, alleged that the automobile in question was purchased by plaintiff and his wife, Teresa D. Scott, and that said wife should be included as a party plaintiff; and that the sellers of the automobile, Albuquerque Auto Sales, Inc., and Robert N. Newsom as salesman, should be added as defendants in the first amended complaint. Plaintiffs, on April 12, 1962, also filed a first amended complaint containing four causes of action as follows: (1) For breach of warranty in that defendants warranted that the automobile was free from defects in material and workmanship, whereas it turned out to be defective; (2) fraudulent representation that the car was a road-tested car and praying for rescission of the contract and for damages; (3) fraudulent representations and breach of warranty in that defendants represented and warranted that said automobile was new and unused; and (4) action for damages resulting from the false and fraudulent representations.

On July 12, 1962, defendants and intervenor filed an answer to the first amended complaint.

On November 13, 1962, trial was had before the .Hon. Robert W. Reidy, district judge. At the beginning of the trial, counsel for defendants requested that the third defense set up in the answer to the first amended complaint be disposed of. ' Plaintiffs' attorney then stated that they would "waive the rescission of the contract." Thereafter the trial proceeded.'

On November 19, 1962, plaintiffs. filed a motion to reconsider the ruling of the trial court requiring plaintiffs to elect their remedy between breach of contract and rescission. Thereafter, the trial court advised counsel for the parties that he had reconsidered his ruling and was going to base his decision upon rescission. Judgment was entered on March 29, 1963, for plaintiffs and against defendants, Robert N. Newsom and Albuquerque Auto Sales, Inc., in the sum of $847.00 plus costs, and the "supplemental complaint by intervenor" was dismissed.

Motion to reconsider the ruling of the court and, in the alternative, for a new trial was denied. The parties filed requested findings of fact and conclusions of law and the trial court filed its findings of fact and conclusions of law. On April 3, 1963, notice of appeal was filed by Ralph Pool's Albuquerque Auto Sales, Inc. and Robert N. Newsom.

In the light of the record, we must first decide whether this court has jurisdiction to consider this appeal.

The notice of appeal filed on April 3, 1963, appears to be in conformity with Supreme Court Rule 5(5) (§ 21–2–1(5), N.M. S.A., 1963 Supp.), which provides that:

"Appeals, as provided by law, shall be taken .by filing 'a notice of appeal with ˌthe district court in which the ˈjudgment or order. appealed from is rendered.· * * *"

The above rule prescribed a different method for the taking of an appeal from the district courts, and applied to cases filed in the district courts on and after March 15, 1961. Formerly appeals as provided by law were:

"* * * allowed upon written application to and the order of the district court in which the judgment is rendered."

■ Appellants filed their "Notice of Appeal" on April 3, 1963. The record fails to show that written application was made to the district court for an order allowing the appeal and no order allowing the appeal appears in the record. It is clearly established, under the appellate practice prior to the amendment, that the timely entry of an order allowing the appeal is jurisdictional. Chavez v. Village of Cimarron, 65 N. M. 141, 333 P.2d 882; Public Service Company of New Mexico v. First Judicial District Court, 65 N.M. 185, 334 P.2d 713; William K. Warren Foundation v. Barnes, 67 N.M. 187, 354 P.2d 126; Adams v.

Tatsch, 68 N.M. 446, 362 P.2d 984; Driver-Miller Corporation v. Liberty, 69 N.M. 259, 365 P.2d 910. See also, Miller v. Doe, 70 N.M. 432, 374 P.2d 305.

In Reed v. Fish Engineering Corporation, 74 N.M. 45, 390 P.2d 283, we noted that the appeal was effected by motion, order of the court allowing the appeal, and notice. We stated that:

"* * * As to all cases filed on and after March 15, 1961, Supreme Court Rule 5(5) (§ 21–2–1(5) (5), N.M. S.A. 1953) provides that appeals 'shall be taken by filing a notice of appeal' which notice 'shall specify the parties taking the appeal and shall designate the judgment, order or part thereof appealed from.' * * *"

In Reed, the case was filed after March 15, 1961, and the above quoted rule applied. We held that:

"* * * the motion for appeal and order allowing the same were ineffective to accomplish an appeal of the case. However, the notice filed and served within 30 days, while stating that an order had been entered allowing the appeal, nevertheless specified that plaintiff was the one taking the appeal, and that the judgment entered in the cause against the plaintiff was the judgment being appealed. There being but one plaintiff and one judgment, we find a sufficient compliance with the rule. * * *"

Appellants contend that the essential elements of jurisdiction of the district court did not occur as to Albuquerque Auto Sales, Inc. and Robert N. Newsom until April 12, 1962, when the amended complaint was filed. Having reviewed the record, we hold that, as to Albuquerque Auto Sales, Inc., this contention is without merit. The record discloses that, as to the intervenor Albuquerque Auto Sales, Inc., the claim for relief was pending long prior to March 15, 1961. Compare, Callaway v. Ryan, 67 N.M. 283, 354 P.2d 999.

It is contended by appellants that this appeal comes under the rule as amended March 15, 1961, because the amended complaint also names Robert N. Newsom, the salesman working for Albuquerque Auto Sales, Inc., as an additional party defendant, and that a complaint bringing in new parties constitutes the bringing of a new action.

In support of this contention, appellants cite Robbins v. Esso Shipping Company (D.C.S.D.N.Y.1960), 190 F.Supp. 880; Messelt v. Security Storage Co. (D.C.D. Del.1953), 14 F.R.D. 507; Kerner v. Rackmill (D.C.M.D.Pa.1953), 111 F.Supp. 150. These cases stand for the proposition that an amendment bringing in new parties, as contrasted with one correcting a misnomer of a party already before the court, does not relate back in time to the filing of the original complaint, but is akin to the institution of a new action against the new parties.

In Lea County State Bank v. McCaskey Register Co., 39 N.M. 454, 49 P.2d 577, regarding the question of appeal from a justice of the peace court to the district court, we said:

"The word 'appeal' when accurately used in law matters means the removal of a cause from the inferior to a superior court. * * *"

In Burch et al. v. Ortiz, 31 N.M. 427, 246 P. 908, on the question of interpretation of § 34–422, et seq., 1929 Comp. (now § 16–4–19, N.M.S.A., 1953 Comp.), a statute authorizing an optional appeal from probate court, we held that "appeal" was used in the sense of the removal of the whole cause from the inferior to a superior court. State ex rel. Burg v. City of Albuquerque, 30 N.M. 424, 234 P. 1012.

In State v. Lazarovich, 27 N.M. 282, 200 P. 422, we defined "cause" as:

" * * * a suit, litigation, or action of any kind, civil or criminal, contested before a court of justice. * * *"

We hold that the word "appeal" as used in Supreme Court Rule 5(5), supra, means the removal of the suit, litigation, or action, from the inferior to a superior court.

It therefore follows that since it is the cause, suit, litigation, or action that is removed to this court upon appeal, the parties being incidental, that Robert N.

Newsom will take the appeal as he finds it and, if the appeal or cause is untimely filed, it should be dismissed as to both parties.

In this connection, appellants contend that appellees' amended complaint filed April 12, 1962, superseded the original complaint and that the original complaint is considered abandoned. In the amended complaint, appellees realleged counts one and two of the original complaint. The third cause of action alleged that Robert N. Newsom, as salesman for Albuquerque Auto Sales, Inc., offered the automobile in question for sale and that both Robert N. Newsom and Albuquerque Auto Sales, Inc. represented and warranted that said automobile was new and had not been previously used; that appellees discovered that said automobile had been used prior to the sale to them; and that they immediately offered to return said automobile and demanded the return of the money paid for said car. The fourth cause of action is for damages resulting from the false and fraudulent representations.

To the amended complaint, appellants repleaded all defenses set up in their answer to the first and second causes of action contained in the original complaint. Appellants denied the allegations contained in the third and fourth causes of action.

As we view the allegations of the various pleadings and the amended complaint, all of the claims or defenses presented arose

out of the conduct, occurrences or transactions set forth, or attempted to be set forth, in the original complaint involving the purchase and sale of the automobile in question on November 1, 1958.

Rule 15(c) (§ 21–1–1(15) (c), N.M.S.A., 1953 Comp.) provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Barron and Holtzoff, Federal Practice and Procedure, Vol. 1A, § 448, p. 757, states the rule as follows:

"The general rule of 'relation back' is that a pleading may not be amended to allege a new or different claim or defense unless it arose out of, or is based upon or related to, the claim, transaction or occurrence originally set forth or attempted to be set forth. * * *"

 Fundamentally, the general wrong suffered and the general conduct causing the wrong are the controlling considerations. Bowles v. Tankar Gas (D.C. D.Minn.1946), 5 F.R.D. 230; Tiller v. Atlantic Coast Line Railroad Co. (1945), 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465.

The specified conduct of the defendant, upon which the plaintiff relies to enforce his claim, is to be examined rather than the theory of law upon which the action is brought. Moore's Federal Practice, Vol. 3, § 15.15, pp. 850–856; White v. Holland Furnace Co. (D.C.S.D.Ohio 1939), 31 F. Supp. 32.

In connection with Rule 15(c), Barron and Holtzoff, supra, at pp. 767–768, makes this statement:

"Unfortunately many of the decisions on these questions persist in speaking in terms of 'cause of action' instead of 'claim for relief'. The rules nowhere make use of the term 'clause [sic] of action'. The reasons are obvious. The term itself is 'so elusive of definition and the results achieved by the courts so varied, often at the expense of justice, that it can hardly be mere chance that the new rules attempted to establish a new test.'

" 'In the stretching, hauling and pulling to which the phrase has been subjected it * * * lacks unity of signification.'

"The rules require only that a 'claim for relief', not 'a cause of action', be pleaded, i. e. the transaction or occurrence, the wrong for which relief is claimed, the aggregate of operative facts, better describe the flexible scope, the operative area of the court's determination of rights and liabilities

between the parties. These are the things which must be brought to the defendant's notice by the complaint. Every party to that transaction or occurrence and every defense, counterclaim or cross-claim may be brought in and examined by the court having jurisdiction of the action."

We find nothing in Newbold v. Florance, 54 N.M. 296, 222 P.2d 1085, cited by appellants, which is contrary to the principles above discussed. This contention of appellants is without merit.

We should also state that we have considered the argument and brief filed by amicus curiae and find that the contentions made therein are directly contrary to our holding in Miller v. Doe, supra. Our decision in Miller is controlling and is sufficient answer to the argument presented by amicus curiae. We have repeatedly held that compliance with the applicable rules in perfecting an appeal is a jurisdictional requirement. Home Fire and Marine Insurance Company v. Pan American Petroleum Corporation, 72 N.M. 163, 381 P.2d 675.

We hold as to both appellants, Albuquerque Auto Sales, Inc. and Robert N. Newsom, that this court lacks jurisdiction to consider their appeal and the appeal should be dismissed.

It is so ordered.

CARMODY and NOBLE, JJ., concur.