Melvon SCHLOTTERBECK, Plaintiff,

v.

MELOS MANUFACTURING COMPANY, Defendant.

Civ. No. 69–19N.

United States District Court,
D. South Dakota, N. D.

Sept. 15, 1970.

---

17. 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 2d 977 (1964).

18. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966).

19. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

Sam Masten, Canton, S. D., for plaintiff.

Austin, Hinderaker & Hackett, Watertown, S. D., for defendant.

## MEMORANDUM DECISION

BECK, District Judge.

The jury verdict of $20,000 which included agreed on special damages to the extent of $3500, covering all loss of wages and medical expense, is now before the court on the defendant's motion for a new trial and as an alternative a reduction of the amount as a condition for denial.

Excessiveness of the verdict and a reduction thereof thus having been left for the court and if exercised, offered as terms under which a new trial would be denied, it is for the court under the facts and the law to determine whether or not remittitur as a part of the ruling on the motion should or shouldn't be invoked.

Permission and right for examination as to excessiveness, it seems, is in the rule held controlling in the case of Southern Pac. Co. v. Guthrie, 186 F.2d 926 (9 Cir. 1951), where the court after extensive review of the cases, finally came to the conclusion:

"When the trial court is presented with a motion for a new trial grounded on a claim of an excessive verdict its power to deal with the motion is not limited to questions of law. The same power and duty which the trial judge has to set aside any verdict and grant a new trial when he is of the opinion the verdict is against the weight of evidence, is that which the trial court frequently exercises in ordering a new trial, or in conditioning denial of a new trial on a remittitur because, in the opinion of the court, the amount of the verdict is against the weight of the evidence. But this power and duty belongs exclusively to the trial judge. It is not for us to give directions in such a case, even although he may have declined to take action, such as we consider we would have done had we been in his place. United States v. Socony-Vacuum Oil Co., [310 U.S. 150, 60 S.Ct. 811, 84 L. Ed. 1129]."

Other reasons why the trial court under some circumstances may apply that rule with stated limitations is in the footnote to that case at page 932:

"On such a motion it is the duty of the judge to set aside the verdict and grant a new trial, if he is of the opinion that the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict. The exercise of this power is not in derogation of the right of trial by jury but is one of the historic safeguards of that right. Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 122 F.2d 350, 352. See the opinion of Taft, J., in Felton v. Spiro, 6 Cir., 78 F. 576, and Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147."

Also touching the right of the trial court to reduce the verdict without a new trial we have in the case of Springen v. Ager Plumbing and Heating, Inc., 19 Wis.2d 487, 120 N.W.2d 692 (1963), commencing on page 694, the following pronouncement:

"We consider the award of $7,900 as being high and in the nebulous border dividing the range within which the jury award will not be set aside and the area of *excessiveness*. In such a doubtful case the appellate court should rely on the judgment of the trial court. Wiley v. Fidelity & Casualty Co. (1958), 3 Wis.2d 320, 88 N.W.2d 366; Hale v. Schultz (1935), 223 Wis. 285, 270 N.W. 46. While we would have been better satisfied if the trial court had found the verdict excessive, in this case we must accord weight to the trial court's opinion and sustain the verdict. We might say if the trial court had reduced the verdict somewhat we would not have found he had abused his discretion." (emphasis supplied).

Skadal v. Brown, Mo., 351 S.W.2d 684 (1961), on page 689 on the point of excessiveness holds it to be "one in which the jury made an honest mistake in weighing the evidence as to the nature and extent of the injury and in fixing the damages and awarded a sum disproportionate to the amounts usually awarded for comparable injuries under the rule of uniformity,"; to which the court adds: *"Such a mistake can be cured and corrected without a new trial by requiring a remittitur of a portion of the amount awarded * * * ."* (emphasis supplied).

More generally on the right of the trial judge in cases of excessiveness of a verdict to prevent miscarriage of justice see Aetna Casualty & Surety Co. v. Yeatts, supra, and Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 254, 77 L.Ed. 439.

The query under those rules and the facts is whether or not the injuries warranted the jury in granting the allowance of $16,500. The court finds that they didn't, that the award was grossly excessive against the weight of the evidence and that it should be corrected, not by new trial but by remittitur to the extent the verdict can reasonably be said to reflect the sustained damage.

The injuries, their effect, the complaints from the plaintiff, the treatment, the opinions of the medical in charge, all realistically appraised and there is no other answer.

More in detail on that aspect and the court finds, a laceration above the right eye, caused by the result of a depressed fracture in the right frontal area, otherwise referred to as the right orbital ridge or bone right above it. The treatment was surgery—a matter of thirty minutes—involving removal of particles of bone and obliterating of the sinus and hospital confinement for twenty-eight days. As for the effects, a one inch scar visible to a certain extent, watering of the eyes at night during confinement, some pain over the right eye and stiffness in the legs and walking as if balancing himself. On the affirmative side: eye movements and vision good, no permanent damage established except for the removed sinus, duramembrane not penetrated, bone over the eye sometimes filling in, neurological examination disclosing no abnormalities as to the eyes or nerves in the head, stiffness in his movements not related to the trauma, reflexes normal, and the physical examination by G. W. Smith, M.D., reciting " * * * a questionable history of diabetes and fasting blood sugar * * * ". (Plf's. Exhibit 2). Away from his employment for a period of eleven weeks, he was thereafter able to resume.

The court is within its rights to adjust and remit where as the record is made on evidence not conclusive as to the verdict substantially being in the right amount, but rather such as to invite evaluations on the compensation to be allowed.

Accordingly, remittitur to the extent of $6,500, with a new trial granted on the defendant's motion for such relief in the event of failure on the part of the plaintiff to give written consent to such reduction of the verdict and have it filed within twenty days from the entry of this decision.

This decision is to be regarded as the court's findings of fact and conclusions of law and indicated form of final order to be entered.