BARBARA NICHOLS, Secretary Department of Regulation and Licensing
You have asked whether an administrative rule pertaining to the Designers Section of the Examining Board of Architects, Professional Engineers, Designers and Land Surveyors may be amended by the Designers Section or only by the board. Since an amendment of an administrative rule falls within the power to make administrative rules, the legal question presented is whether a statutorily created section of the board has rulemaking authority.
It is my opinion that only the board has administrative rulemaking authority.
The question arises because of two statutes. Section 15.08
(5)(b), Stats., authorizes examining boards to formulate rules for their own guidance and for the guidance of the trade or profession to which they pertain. *Page 201 
Section 15.405 (2) creates the Examining Board of Architects, Professional Engineers, Designers and Land Surveyors and provides, in part:
 (a) In operation, the examining board shall be divided into an architect section, an engineer section, a design section and a land surveyor section . . . .
 (b) All matters pertaining to passing upon the qualifications of applicants for and the granting or revocation of registration, and all other matters of interest to either the architectural, engineering, designing or surveying section shall be acted upon solely by the interested section.
On October 5, 1978, I issued an unpublished formal opinion (OAG 73-78) which stated that the sections of the board were not authorized to promulgate rules. In that opinion, I noted that section 15.405 (2)(b) was not a grant of rulemaking authority and that the only rulemaking authority that had been granted was to the board by section 15.08 (5). Constructions placed upon statutes by the attorney general are entitled to important consideration, State ex rel. West Allis v. Dieringer,275 Wis. 208, 81 N.W.2d 533 (1957), and are entitled to considerable weight when such construction is left undisturbed by the Legislature. See Wisconsin Valley Imp. Co. v. Public Serv. Comm.,9 Wis.2d 606, 101 N.W.2d 798 (1960), where four years after the attorney general's construction of a statute, the Legislature amended a portion of the statute, but left the provisions interpreted by the attorney general intact.
In this case, seven years and three sessions of the Legislature have passed without legislative change in the statutes under consideration. While this premise for statutory interpretation would carry more weight had the 1978 opinion been published, it may be assumed that had the opinion been considered to be in error, those concerned with the statutes in question would have brought the opinion to the attention of the Legislature with a request for legislative reversal of the 1978 opinion.
I am also informed that it has been a longstanding interpretation of the board that the sections do not have rulemaking authority under the applicable law. A longstanding construction of an ambiguous statute by an agency is entitled to great weight. State ex rel. City B. T. Co. v. Marshall I. B.,8 Wis.2d 301, 99 N.W.2d 102 (1959) *Page 202 
Finally, I would note that in creating the sections of the board in section 15.405 (2), the Legislature used the qualifying phrase "[i]n operation, the examining board shall be divided into . . . [the four sections]." The meaning of the qualifier "in operation" refers to the performance of ministerial and factfinding duties and, while the extent of the qualifier is not defined, I believe that it is clear that the Legislature meant to create something less than fully autonomous entities with all the powers granted to the parent board.
BCL:WHW