[No. 4964.]

## HUMMEL v. THE CITY OF OURAY.

1. **Cities and Towns—Police Courts—Appeal on Behalf of City —Statutory Construction.**

The act of 1885 (Sess. Laws '85, p. 287) created police courts in cities of less than 25,000 inhabitants, and section 15 thereof provided for appeals from all judgments of such courts to the county court, but that no appeal should be allowed unless the party appealing should execute a bond to the city conditioned to satisfy the judgment rendered in the county court, or "that the defendant would surrender himself in satisfaction of such judgment." Held, that such section does not contemplate an appeal by the city, and that the provisions concerning the giving of a bond relate only to a defendant.—P. 323.

2. **Same.**

Mills' Ann. Stats., § 4444, providing that in all actions in any court of this state, in which a municipal corporation of this state shall be a party, such corporation may take an appeal and have a writ of error made a supersedeas as now provided by law without giving a bond, permits an appeal from a police court by the city and without filing a bond.—P. 324.

3. **Same—Time within which Transcript should be Filed in County Court.**

Since Mills' Ann. Stats., § 4444, does not fix the time within which the transcript and papers must be filed in the county court on appeal, the appealing party has a reasonable time within which to do so, and, in this case, six days is in time.—P. 324.

*Error to the County Court of Ouray County.*
*Hon. R. W. Haskins, Judge.*

Action by the city of Ouray against Charles Hummel. From a judgment for the city in the

county court, to which an appeal was taken from the police magistrate's court by the city, defendant appeals.                                    *Affirmed.*

Messrs. HENRY & SIGFRID and Mr. E. E. WHEELER, for plaintiff in error.

Mr. THOMAS Y. BRADSHAW, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court:

The city of Ouray, having been defeated in an action brought in the police magistrate's court against Charles Hummel for a violation of one of the city ordinances, filed a transcript with the clerk of the county court and docketed the case. No appeal bond was filed. The trial in the county court resulted in a judgment against Hummel.

Two questions are presented for our determination:

1.  Does an appeal lie on behalf of a city from the judgment of a police magistrate's court?

2.  May a city take an appeal without giving an appeal bond?

In 1885, the general assembly passed an act creating police courts in cities having a population of less than twenty-five thousand. Section 15 of that act provided for appeals from all judgments of such courts to the county court. It also provided that no appeal should be allowed unless the party appealing should execute a bond to the city conditioned to satisfy the judgment rendered in the county court, or "that the defendant would surrender himself in satisfaction of such judgment." This section does not contemplate an appeal by the city, and the provisions concerning the giving of the bond, and the conditions thereof, relate only to a defendant; but, at the time that this act was passed, the legislature had, at the

same session, provided: "That in all actions, suits and proceedings in any court in this state, in which a municipal corporation of this state shall be a party, such municipal corporation may take an appeal and have a writ of error made a *supersedeas*, as now provided by law, without giving bond." It was, therefore, unnecessary to make other provisions than that concerning the bond of a defendant, the jurisdiction of the police magistrate under the act mentioned being limited to causes arising under the city ordinances. In a case decided at this term of court, *The Town of Del Norte v. Weiss,* we were required to construe section 4444, Mills' Annotated Statutes, being the act concerning appeals which we have quoted, and we held that the section granted the right of appeal to municipal corporations in all causes, in all courts, but that the city should, in some appropriate way, within the time fixed by statute for the giving of bond, indicate its intention to appeal. In this case, the city, on the day the judgment was rendered, prayed an appeal to the county court, and within a few days thereafter the magistrate certified the cause to the county court. The statute does not state when the transcript and the papers shall be filed in the county court, but both parties are under the obligation of duly prosecuting the appeal; and, as the city in this case caused the transcript to be filed on the sixth day after the judgment, we must hold that the papers were filed in due time. As the statute does not fix the time for filing the transcript and papers, the appealing party has a reasonable time within which to file the transcript and papers in the county court and docket the case. What is a reasonable time we shall not now determine. The judgment is affirmed.                    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.