[Nos. 1944-1946, July 5, 1916.]
Ex parte CARRILLO.      Ex parte MARQUEZ.
Ex parte ROMERO.

### SYLLABUS BY THE COURT.

1. The state has no right to appeal from a judgment rendered by the district court, sustaining a plea in abatement to an indictment, as the right of the state, in a criminal cause, to appeal is specifically limited by section 4519, Code 1915, to cases "when any indictment is quashed or judged insufficient on demurrer, or judgment is arrested."

P. 151

2. The effect of an amendment of a section of the law is not to sever it from its relation to other sections of the law, but to give it operation in its new form as if it had been so drawn originally, treating the whole act as a harmonious entirety, with its several sections and parts mutually acting upon each other.

P. 151

Original applications by Eligio Carrillo and others for writs of habeas corpus. Writs granted, and petitioners discharged.

SHERRY & SHERRY and W. H. H. LLEWELLYN, all of Las Cruces, for petitioners.

H. B. HAMILTON, District Attorney, of Carrizozo, and FRANK W. CLANCY, Attorney General, for the Sheriff.

### OPINION OF THE COURT.

ROBERTS, C. J.—As the above-numbered causes all involve the same question, they will be considered together. The facts upon which each application for the writ of habeas corpus is based may be briefly stated as follows: Petitioners, in August, 1915, were regularly committed to the county jail in Doña Ana county to await the action of the grand jury of said county, upon a preliminary complaint filed against them before a justice of the peace of said county, charging them with the crime of larceny. In September, 1915, they were each indicted by the grand jury of said county for said alleged offense. In November, 1915, while confined in the county jail of said county, awaiting trial upon said indictment, each of the petitioners escaped from jail. Thereafter they were rearrested and brought to trial upon the original indictments, and each found not guilty. When the verdicts of not guilty were returned against the petitioners, the district judge ordered them held to await the action of the next grand jury upon the charge of prison breach. Thereafter each of said parties was indicted by the grand jury of said county for prison breach. Each filed a plea in abatement to the indictment so returned against him, to which the state demurred. The demurrers were severally overruled, and judgment was entered discharging the petitioners. On the same day, the state applied to the court for an appeal from each of such judgments, which was granted. Thereupon the court ordered the petitioners to execute to the state a bond in the sum of $1,-000 each for their appearance in case the state should prevail upon the appeal, and in default of such bond petitioners were ordered committed to the county jail until such appeal was determined. Petitioners, after alleging the above fact, say they are unable, by reason of poverty, to furnish the bonds required in order to secure their release from custody. They also deny the right of the state to appeal from such judgments, and set forth facts which clearly show their right to the writ in case their contention, that the state cannot appeal from the judgment, be well founded. They also each show a prior

application to the district court of Doña Ana county for a writ of habeas corpus, which was denied.

[1] The right of petitioners to be released from custody depends upon sections 4517 and 4519, Code 1915. These sections read as follows:

"Sec. 4517. The state shall be allowed an appeal in criminal cases, only in the cases and under the circumstances mentioned in section 4519."

"Sec. 4519. When any indictment is quashed or judged insufficient on demurrer, or judgment is arrested, the district court may cause the defendant to be committed or recognized to answer another indictment, or an appeal to the Supreme Court shall be granted, if the prosecuting attorney desire it."

[2] The indictments under which petitioners were held for trial were not quashed or "judged insufficient on demurrer," nor was judgment arrested; hence there is no statutory authority authorizing the allowance of an appeal from a judgment sustaining a plea in abatement, unless it be true, as suggested by the Attorney General for the consideration of the court, that such right is granted by section 9, c. 77, Laws 1915. This chapter amended certain sections of chapter 57, Laws 1907, which was an act regulating appellate procedure. Sections 48 and 50 of said chapter, which are the sections quoted above from the Code, were not changed. Section 47, which was amended, originally read as follows:

"In all cases of final judgment rendered upon any indictment, an appeal to the Supreme Court shall be allowed if applied for during the term at which said judgment is rendered."

This section was amended in 1915 so as to read as follows:

"Appeals shall be allowed from every final judgment rendered in any criminal case if applied for during the term at which said judgment is rendered. Writs of error shall not be granted or allowed in criminal cases, but such causes shall only be reviewable upon appeal."

The amended section enlarged the right of appeal, by a defendant, to "every final judgment," whereas, such right

had been theretofore limited to "final judgment rendered upon any indictment."

If this section be read in connection with the two sections above quoted, specifically limiting the state in its right of appeal, it is apparent that it was not intended thereby to enlarge the right of the state to appeal. In Sutherland on Statutory Construction, § 237, it is said:

"The effect of an amendment of a section of the law is not to sever it from its relation to other sections of the law, but to give it operation in its new form as if it had been so drawn originally, treating the whole act as an har- monious entirety, with its several sections and parts mu tually acting upon each other."

Accepting the above as the correct standard of inter- pretation, the language of the amended section is limited and restricted by section 4517, Code 1915, which spe- cifically limits and prescribes the right of the state to take an appeal. Such being the case, it necessarily fol- lows that there in no statutory authority authorizing an appeal by the state from a judgment sustaining a plea in abatement to an indictment. That such right was not granted by section 2, art. 6, of the Constitution, was set- tled by the case of State v. Chacon, 19 N. M. 456, 145 Pac. 125.

The state having no right to appeal from the judg- ment sustaining the plea in abatement to the indictment, it follows that the petitioners are being unlawfully re- strained of their liberty, and the application will be granted in each case, and petitioners will be discharged, and it is so ordered.

HANNA, J., concurs.

PARKER, J., being absent, did not participate in this opinion.