354 P.2d 126

`WILLIAM K. WARREN FOUNDATION, a charitable trust, James E. Logan, Winston Miller, Francis J. Cuneo, Katherine C. Schmidt, L. W. Ward and G. T. Buskirk, Defendants-Appellees,

v.

H. F. BARNES and Oates Golden, Defendants-Appellants.

No. 6634.

Supreme Court of New Mexico.

July 13, 1960.

Rehearing Denied Aug. 17, 1960.

Atwood & Malone, E. Kirk Newman, Roswell, for appellants.

Hervey, Dow & Hinkle, Paul W. Eaton, Jr., Roswell, for appellees.

CARMODY, Justice.

This case commenced in the lower court on a complaint for interpleader, seeking an adjudication as to the effect of a joint oil and gas lease executed by different owners of separate tracts of land, i. e., whether or not the royalty was pooled. Certain defendants are the appellants and others are the appellees, the plaintiff having no interest other than as a stakeholder. However, before we can consider any of the alleged errors urged by the appellants, we must first determine whether or not this court has jurisdiction.

The final judgment was entered on May 2, 1959, and motion for appeal filed on May 29, 1959, but the order granting appeal was not filed until June 8, 1959, being thirty-seven days from the rendition of the judgment.

Our supreme court rule, insofar as it concerns this appeal, is rule 5(1), as amended (§ 21–2–1(5) (1), N.M.S.A.1953), as follows:

"1. Within thirty (30) days from the entry of any final judgment in any civil action any party aggrieved may appeal therefrom to the Supreme Court."

The above rule was adopted as an amendment to the original rule and made effective on January 1, 1955. It was again amended as of July 1, 1959, but the amendment had to do with extending the time for appeal under circumstances not pertinent to this case.

We have held many times that the allowance of an appeal is a jurisdictional matter. See, Chavez v. Village of Cimarron, 1958, 65 N.M. 141, 333 P.2d 882, together with the cases cited therein; and Public Service Co. of New Mexico v. First Judicial Dist. Court, 1959, 65 N.M. 185, 334 P.2d 713.

We have also held that the order allowing an appeal is the basis of the entire proceeding and that without such an order we have no jurisdiction. Cook v. Mills Ranch-Resort Co., 1926, 31 N.M. 514, 247 P. 826. Thus, the mere filing of the motion for appeal within time, as was done in this case by appellants, avails them nothing—it is the order itself that is material. The burden is on appellants to have the order signed and filed, and the lapse of time between the filing of the motion and the entry of the order allowing appeal would appear to negate any assertion that they proceeded "without delay." This should serve to distinguish the rather doubtful authority of Jaritas Live Stock Co. v. Spriggs, 1937, 42 N.M. 14, 74 P.2d 722,

which appears to be our only decision where we did not "toe the line" on this question.

This very basic jurisdictional question is not raised by the parties, but that is of no consequence. On at least two occasions within slightly more than the last year, appeals have been dismissed at the time of oral argument on the court's own motion, when it appeared that more than thirty days had elapsed between the judgment and the order allowing appeal, even though in both instances the attorneys for the appellees requested that the cases be heard, and waived any objection to the court's hearing the matter. See orders entered in causes Nos. 6467 (January 23, 1959) and 6491 (March 16th and April 9, 1959).

 The rule is definite that unless the appeal is taken within thirty days, the supreme court has no jurisdiction to consider the case. This is not a discretionary matter, nor one that can be waived. Therefore, the merits of this provocative and ably briefed controversy cannot be considered, as there is no case before us for decision and we are powerless to review any of the claimed errors.

The appeal will be dismissed, and it is so ordered.

McGHEE, C. J., and COMPTON, MOISE and CHAVEZ, JJ., concur.