374 P.2d 305

LeRoy MILLER, Plaintiff-Appellee and
Cross-Appellant,

v.

John DOE, a carpenter of Grants, New Mexico; and Western Knapp Engineering Company, a corporation, Defendants-Appellants and Cross-Appellees.

No. 6885.

Supreme Court of New Mexico.

Aug. 29, 1962.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Albuquerque, for appellants and cross-appellees.

Schall & Fowler, Albuquerque, for appellee and cross-appellant.

CHAVEZ, Justice.

The question presented in this case is whether the appeal was timely filed. The original action was commenced by the fil-

ing of a complaint in the district court of the second judicial district, Bernalillo County, on April 25, 1958. Answer and a first amended answer were filed by one of the defendants, Western Knapp Engineering Company. The cause was tried by the district court without a jury, and judgment was entered for the plaintiff on June 21, 1960. On June 22, 1960, defendant, Western Knapp Engineering Company, filed a motion for new trial or, in the alternative, for new findings of fact. This being a non-jury case, under § 21-9-1, N.M.S.A., 1953 Comp., the motion was deemed denied thirty days thereafter, although the order denying the motion was filed on August 19, 1960. On August 19, 1960, defendant, Western Knapp Engineering Company, applied for and was allowed an appeal to this court from the judgment entered on June 21, 1960. On August 22, 1960, plaintiff filed a motion to strike the order allowing defendant, Western Knapp Engineering Company, an appeal. Hearing was held on this motion on September 1, 1960, and on September 12, 1960, the trial court entered an order striking the previous order granting defendants an appeal. On September 13, 1960, defendant, Western Knapp Engineering Company, applied for and was allowed an appeal from the order entered on September 12, 1960. This latter appeal was timely taken from the September 12, 1960, order which is an appealable order. Supreme Court Rule 21-2-1(5)2 (§ 21-2-1 (5)2, N.M.S.A., 1953 Comp., amended by amendment signed September 27, 1954).

We therefore examine the September 12, 1960, order to determine whether the trial court was correct in striking its previous order granting defendants an appeal from the June 21, 1960, judgment. We hold that the trial court was correct in its finding that the August 19, 1960, appeal was untimely filed.

■ Defendant, Western Knapp Engineering Company, contends that the 1959 amendment of Supreme Court Rule 5(1) is applicable to this appeal, instead of Supreme Court Rule 5(1) as amended by order signed September 27, 1954, which became effective on January 1, 1955, governing cases filed on and after that date.

At the time the original action was filed on April 25, 1958, the pertinent Supreme Court Rule was Rule 5(1) as amended in 1954, providing as follows:

"Within thirty (30) days from the entry of any final judgment in any civil action, any party aggrieved may appeal therefrom to the Supreme Court."

The compiler's note in the 1955, 1957 and 1959 Pocket Supp., Vol. 4, to the published compilation states as follows:

"The amendment of this rule promulgated November 1, 1954 (effective January 1, 1955) * * *."

**434**

An examination of the official order amending Supreme Court Rule 5(1) shows that this editorial comment is incomplete, if not incorrect, since the court carefully limited the change to those cases filed " * * * on and after the effective date of this order."

■ Defendant, Western Knapp Engineering Company, would have us apply the later, more liberal 1959 amendment which, if applicable, might save them from the jurisdictional bar of untimely filing. This they would have us do because, just as in the compilations of the earlier amendment, the compiler omitted the qualification that the 1959 amendment applies only to cases filed (or docketed) on and after the effective date of July 1, 1959. This we cannot do. We must look to the exact wording of the amendment in order to apply it. Any editorial comment or headnote by the compiler of a compilation statute is not part of the law. City of Albuquerque v. Campbell, 68 N.M. 75, 358 P.2d 698. It should be noted, however, that the compiler in the 1961 Pocket Supp., Vol. 4, has added the note which states:

"The foregoing amendment is effective July 1, 1959, and shall apply only to cases docketed in district court on and after that date."

Furthermore, both the records in the office of the clerk of the supreme court and the sticker forwarded attorneys in compliance with law (§ 21–3–1, N.M.S.A., 1953 Comp.,) clearly indicate the prospective application of this amendment. Our mandate is clear. We have repeatedly held timely filing to be a jurisdictional requirement. Driver-Miller Corporation v. Liberty, 69 N.M. 259, 365 P.2d 910; Flores v. Duran, 68 N.M. 42, 357 P.2d 1091; and William K. Warren Foundation v. Barnes, 67 N.M. 187, 354 P.2d 126. We cannot consider the hardship to the individual litigant because we have no discretion in the matter. Chavez v. Village of Cimarron, 65 N.M. 141, 333 P.2d 882. Nothing in the record has been called to our attention which would toll the running of this jurisdictional time under the amendment then in force. Adams v. Tatsch, 68 N.M. 446, 362 P.2d 984; and Scofield v. J. W. Jones Construction Co., 64 N.M. 319, 328 P.2d 389. Compare, Pettet v. Reynolds, 68 N.M. 33, 357 P.2d 849; Public Service Co. of N. M. v. First Judicial Dist. Court, 65 N.M. 185, 334 P.2d 713; and King v. McElroy, 37 N.M. 238, 21 P.2d 80.

Appeal dismissed. IT IS SO ORDERED.

COMPTON, C. J., and CARMODY, J., concur.

MOISE and NOBLE, JJ., not participating.