390 P.2d 275

Curtis E. JOHNSON, Plaintiff-Appellee,

v.

Mrs. Wood E. JOHNSON, Ben Johnson, Jr., and Elwin E. Johnson, Defendants-Appellants.

No. 7339.

Supreme Court of New Mexico.

Feb. 3, 1964.

Rehearing Denied March 9, 1964.

Fred E. Dennis, Calvin R. Neumann, Clovis, for appellants.

Rowley, Davis, Hammond & Murphy, Clovis, for appellee.

MOISE, Justice.

An examination of the record in this case discloses that the final decree appealed from was entered on July 26, 1962. On August 23, 1962 a motion for "Leave to Appeal" was filed, and on August 24, 1962 an order

was entered granting such leave and fixing bond. Thereafter, on August 29, 1962, there was filed a notice dated August 24, 1962 that "Leave to Appeal from the Judgment of this Court entered on the 26th day of July, 1962" had been granted.

The complaint in this case was filed August 14, 1961 and accordingly the allowance of an appeal is governed by Supreme Court Rule 5(1, 5) (§ 21–2–1 (5) (1, 5), N. M.S.A.1953) effective March 15, 1961, and applicable to cases filed in district courts on and after that date.

Rule 5(5) reads:

"Appeals, as provided by law, shall be taken by filing a notice of appeal with the district court in which the judgment or order appealed from is rendered. * * *"

█ This is the first time we have encountered a question of whether or not failure to file notice of appeal within 30 days after entry of a final judgment deprives this court of jurisdiction. We recently held that this court had jurisdiction to review a district court judgment where a notice of appeal containing the requisite information was timely filed, even though a motion and order allowing an appeal had been entered and it was quite apparent that the notice was in the form and intended as a compliance with Supreme Court Rule 7 (§ 21–2–1(7), N.M.S.A.1953). Reed v. Fish

Engineering Company, 74 N.M. 45, 390 P.2d 283.

Under the rule as it existed prior to the amendment effective March 15, 1961, we had held that the timely filing of an order allowing an appeal was jurisdictional, Chavez v. The Village of Cimarron, 65 N.M. 141, 333 P.2d 882; Adams v. Tatsch, 68 N. M. 446, 362 P.2d 984, and this being true the court was bound to act on its own motion where the absence of jurisdiction was noticed, even though not raised by the parties. William K. Warren Foundation v. Barnes, 67 N.M. 187, 354 P.2d 126.

In the instant case, the parties do not mention the fact that the notice was filed more than 30 days after entry of the decree appealed from, but having noticed it we must consider it, whereupon we cannot escape the conclusion that we do not have jurisdiction to consider the appeal.

█ As we view the situation, as to all cases filed in the district court on and after March 15, 1961, the filing of the notice of appeal has replaced the filing of the order allowing the appeal as the basis for the appeal and, unless the notice is timely filed, no jurisdiction is vested in this court, just as was true concerning the order allowing appeal under the rule before its amendment. William K. Warren Foundation v. Barnes, supra.

This conclusion accords with the decision in the federal courts where appeals are taken by filing a notice of appeal. 28 U.S.C.A., Fed.R.Civ.Proc., Rule 73(a). Typical of numerous cases so holding are Morley v. United States (U.S.C.A. 6, 1953) 207 F. 2d 654; Kahler-Ellis Company v. The Ohio Turnpike Commission (U.S.C.A. 6, 1955) 225 F.2d 922; Shotkin v. Popenhager (U.S.C.A. 5, 1958) 255 F.2d 100; Barnes v. American Broadcasting Company (U.S.C.A. 7, 1958) 259 F.2d 858; Smith v. Stone (U.S.C.A. 9, 1962) 308 F.2d 15.

Lacking jurisdiction to consider the appeal, the same is dismissed. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.

On Motion for Rehearing

MOISE, Justice.

Appellant, by motion for rehearing, asks that we determine that the notice of appeal was timely filed on August 24, 1962, the date on which the motion for "leave to appeal" and order granting "leave to appeal," together with copy of the notice, were mailed to opposing counsel. We are asked to do this because of an office practice of never transmitting or delivering "to any opposing counsel any paper, notice or pleading required to be sent, delivered or mailed to opposing counsel, until the same has been duly filed with the Clerk of the Court," asserted by counsel for appellant in an affidavit attached to his motion.

The notice filed in court is dated August 24, 1962, but bears a filing stamp of August 29, 1962. The affidavit of appellant's counsel, agreed to by appellee's counsel, supports the fact that the notice was mailed to counsel for appellee together with the motion and order mentioned above on August 24, 1962. Appellee has furnished an affidavit from the clerk of the district court who was in office on the dates in question. She states that she does not recall any instance of an instrument being left in her office that was not immediately entered on the docket, and although in a few instances the filing stamp had not been affixed, she recalls no instance of failure to affix the filing stamp with coinciding failure to enter on the docket. In the instant case the docket shows the notice entered on August 29, 1962, and the instrument bear the same filing date.

Under the circumstances, we do not see how we have any discretion in the matter. Timely taking of an appeal is jurisdictional. Chavez v. Village of Cimarron, 65 N.M. 141, 333 P.2d 882. This is true whether appeals are taken by entry of an order allowing an appeal in cases filed prior to March 15, 1961, or by notice of appeal as

provided by the rule effective on that date. In Adams v. Tatsch, 68 N.M. 446, 362 P. 2d 984, we noted an exception where the order allowing appeal had been signed by the judge and mailed to the clerk in ample time to have been received before expiration of the appeal period. We there indulged a presumption of receipt in due course of mail, absent proof to the effect it had not been so received. We do not see how this holding is of any aid to appellant here. The notice was not mailed to the clerk but was personally delivered. To indulge a presumption based upon an affidavit of usual office practice would be extending the rule followed in Adams v. Tatsch, supra, beyond reason and beyond recognition.

While having every confidence in the honesty and sincerity of counsel for appellant, to adopt a rule such as is here sought, we are confident would open a Pandora's box of excuses for late appeals too hideous to contemplate. We regret that the issues in the case so carefully and fully briefed will not be decided, but feel bound not to proceed in the absence of jurisdiction to do so under our rules.

For the reasons stated we adhere to our previous decision dismissing the appeal.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.