422 P.2d 351

**BOARD OF EDUCATION, PENASCO INDEPENDENT SCHOOL DISTRICT NO. 4,**
Petitioners-Appellees,

v.

**Facundo R. RODRIGUEZ and the New Mexico State Board of Education, Respondents-Appellants.**

**No. 7960.**

Supreme Court of New Mexico.

Dec. 5, 1966.

Rehearing Denied Jan. 19, 1967.

Standley, Kegel & Campos, Santa Fe, Eliu E. Romero, Frank Bachicha, Jr., Taos, for appellees.

Charles S. Solomon, E. P. Ripley, Santa Fe, for appellants.

## OPINION

NOBLE, Justice.

Facundo R. Rodriguez was given notice by the governing board of the Penasco Independent School District of the termination of his services as Superintendent and of his employment as a teacher. He appealed to the State Board of Education which, by its order of August 9, 1963, reversed the action of the local board. The Penasco board, on November 1, 1963, gave notice to the district court of appeal from the decision of the state board. This appeal is from a judgment of the district court reversing the order of the State Board of Education.

A threshold question—whether the appeal to the district court 84 days after the order of the state board is timely—confronts us at the outset and, in our view, is determinative of this appeal.

Chapter 205, laws 1963 (§ 73–12–13(C), N.M.S.A.1953, 1965 Pock.Supp.) effective March 20, 1963, so far as pertinent reads:

"Any certified employee or governing board aggrieved by decision of the state board may appeal to the district court, * * *."

Although this statute gives the governing board of Penasco the right to appeal, it sets out no procedure by which such appeal may be prosecuted. Nor does any

other rule or statute specifically fix the time within which appeals to review the action of the State Board of Education must be filed. We note that absent a constitutional provision conferring the right of appeal, such right is purely statutory. See State v. Chacon, 19 N.M. 456, 145 P. 125; Ex parte Carrillo, 22 N.M. 149, 158 P. 800; Jordan v. Jordan, 29 N.M. 95, 218 P. 1035; In re Morrow's Will, 41 N.M. 117, 64 P.2d 1300.

■ Further, where the right of appeal is conferred upon an aggrieved party by statute but no time within which such appeal must be taken is specified, it will be presumed that the legislature intended that the appeal be perfected within a reasonable time. Mogilner v. Metropolitan Plan Commission, 236 Ind. 298, 140 N.E.2d 220; Hummel v. City of Ouray, 38 Colo. 322, 88 P. 582.

The question of whether the appeal is timely thus turns on what can be said is a "reasonable time." In Eigner v. Geake, 52 N.M. 98, 192 P.2d 310, we had occasion to determine the time within which a petition for a writ of certiorari must be filed to review the action of a board of county commissioners. As in the present case, there was no specific statute or rule governing the question. In holding that the petitioner was guilty of laches so as to preclude review, we said:

"We have given serious consideration to the matter and have determined that absent a court rule or statute unless exceptionally good cause exists for tolling the time, a party who delays more than three months in applying for a writ of certiorari is guilty of laches. There appears to be no good reason, absent exceptional circumstances, why a party should have more time to ask for the writ of certiorari than he would have to take an appeal or sue out a writ of error in an ordinary case."

At the time the opinion in Eigner was written, three months was the time limitation for appeals from final judgments of the district courts and the suing out of writs of error. Supreme Court Rule 5(1) was, however, amended, effective January 1, 1955, to shorten the time within which appeals and writs of error must be perfected to thirty days.

■ The school board argues that the language of Eigner, supra, would allow three months in which to appeal in which case its present appeal would be timely. The state board argues that the latter portion of the quoted language controls to make the time for filing of writs dependent on the time in which ordinary appeals from the district court must be perfected. Accordingly, when Rule 5(1) was amended, the time period for filing of writs of certiorari was correspondingly shortened. We believe the latter construction to be proper. Support for this conclusion is found in Breithaupt v. State, 57 N.M. 46, 253 P.2d

**312**

585, where we construed the language of Eigner to limit the time for application for writs of certiorari to that for appeals or writs of error. This obviously referred to appeals or writs of error from judgments of the district court.

Paraphrasing the language of Eigner, there appears to be no good reason why a party should have more time to perfect an appeal from the State Board of Education to the district court than he would have to take an appeal or sue out a writ of error for review of a decision of the district court in an ordinary case.

■■ As failure to perfect a timely appeal is jurisdictional, Johnson v. Johnson, 74 N.M. 34, 390 P.2d 275; Miller v. Doe, 70 N.M. 432, 374 P.2d 305; Driver-Miller Corp. v. Liberty, 69 N.M. 259, 365 P.2d 910, it follows that the district court was without jurisdiction to hear or determine the appeal from the State Board of Education. Our disposition of this issue makes it unnecessary to consider other questions raised, briefed or argued.

The cause must be reversed with directions to the district court to vacate the judgment appealed from and to dismiss the appeal from the State Board of Education for lack of jurisdiction.

It is so ordered.

CHAVEZ, J., and E. T. HENSLEY, Jr., C. J., Court of Appeals, concur.