442 P.2d 210

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Carl C. WEDDLE, Defendant-Appellant.**

**No. 7.**

Court of Appeals of New Mexico.

Nov. 21, 1966.

Certiorari Granted Dec. 14, 1966.

Samuel H. Loeffler, D. D. Archer, Artesia, for appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

OMAN, Judge.

The appeal in the above-entitled cause was docketed in the Supreme Court of the State of New Mexico. The matter was transferred by the Supreme Court to the Court of Appeals. This transfer constitutes a final determination of jurisdiction in the Court of Appeals to decide all questions presented by the appeal. N.M. Laws 1966, ch. 28, § 10, which appears as § 16-7-10, N.M.S.A.1953, 1966 Interim Supplement.

The appellant, at all times material hereto, has been confined in the New Mexico State Penitentiary pursuant to a plea of guilty to the crime of armed robbery and a sentence to confinement in the New Mexico State Penitentiary for a term of not less than three years nor more than twenty-five years.

On April 15, 1966, he filed a motion for an order vacating the sentence and discharging him from custody. The motion was filed pursuant to the provisions of Rule 93 of the Rules of Civil Procedure for the district courts of the State of New Mexico, which is identical with N.M.Laws 1966, ch. 29, § 1, which appears as § 41-15-8, N.M.S.A.1953, 1966 Interim Supplement.

On May 11, 1966, an order was entered by the district court denying the motion. It was from this order that appellant sought to take this appeal.

On July 2, 1966, he filed what he has denominated "A laymans application for the motion of appeal."

Rule 93(e) of the Rules of Civil Procedure provides:

"(e) Appeal. An appeal may be taken from the order entered on the motion as from a final judgment in the manner and within the time provided in Supreme Court Rule 5."

Supreme Court Rule 5 appears as § 21-2-1(5), N.M.S.A.1953. This rule in part provides as follows:

"1. Within thirty [30] days from the entry of any final judgment in any civil action any party aggrieved may appeal therefrom to the Supreme Court except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment, the district court may extend the time for appeal not exceeding thirty [30] days from the expiration of the original time herein prescribed. * * *

" * * *

"5. Appeals, as provided by law, shall be taken by filing a notice of appeal with the district court in which the judgment or order appealed from is rendered. The notice of appeal shall specify the parties taking the appeal and shall designate the judgment, order or part thereof appealed from. * * * *"

The application filed by appellant on July 2, 1966, fails to comply with the requirements of Supreme Court Rule 5(5), but the disposition of this appeal is not predicated upon such failures of compliance.

The transcript shows that appellant was promptly mailed a copy of the order of May 11, 1966, along with a letter from the district judge dated May 10, 1966.

On July 19, 1966, the district judge wrote appellant, advising that the district judge had received the application for appeal, and that he had entered an order granting the appeal, although the application may not have been timely filed. The order, to which the district judge referred in his letter of July 19, was also dated July 19 and was filed July 20. This order does not purport to extend the time for appeal, and it makes no reference to any showing of excusable neglect upon which the court might properly have extended the time for an additional thirty days from the expiration of the original time prescribed in Supreme Court Rule 5.

There is nothing in the record to show excusable neglect based on a failure of appellant to learn of the entry of the order of May 11.

The Supreme Court of New Mexico, in passing upon the timeliness of an appeal under Supreme Court Rule 5, has repeatedly held the timely filing of an order allowing an appeal, prior to the amendment of the rule which became effective March 15, 1961, and the timely filing of a notice of appeal, since the effective date of the amendment, is jurisdictional. Chavez v. Village of Cimarron, 65 N.M. 141, 333 P.2d 882; Adams v. Tatsch, 68 N.M. 446, 362 P.2d 984; Miller v. Doe, 70 N.M. 432, 374 P.2d 305. It has also held that the court is bound to act on its own motion and dismiss the appeal for lack of jurisdiction, even though the parties do not raise the question of jurisdiction. William K. Warren Foundation v. Barnes, 67 N.M. 187, 354 P.2d 126.

The appeal not having been taken within the time required by Supreme Court Rule 5(1), this court is without jurisdiction to consider the matter further, and the appeal should be dismissed.

It is so ordered.

SPIESS and WOOD, JJ., concur.