456 P.2d 185

STATE of New Mexico, Plaintiff-Appellee,

v.

Lester Allen GARLICK, Defendant-Appellant.

No. 8758.

Supreme Court of New Mexico.

June 2, 1969.

Rehearing Denied July 21, 1969.

Asa Kelly, Jr., Silver City, for appellant.

James A. Maloney, Atty. Gen., Spencer T. King, Oliver H. Miles, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

MOISE, Justice.

From a refusal of the district court to set aside a sentence of confinement to the penitentiary, this appeal is prosecuted.

At the outset, we note a question of jurisdiction in this court, which is determinative. See Rice v. Gonzales, 79 N.M. 377, 444 P.2d 288 (1968). We briefly state the facts.

Appellant's motion to vacate the judgment and sentence under Rule 93 (§ 21–1–1 (93), N.M.S.A.1953) was filed June 30, 1966. A supplemental motion was filed on December 20, 1966. On January 5, 1968, after making findings of fact and conclusions of law, an order was entered denying the motion to vacate. Thereafter, new counsel was appointed and, on May 17, 1968, a motion was filed on appellant's behalf seeking to have the proceedings reopened so that additional testimony could be presented. On the same date, the court entered an order permitting the presentation of the additional testimony. After hearing the evidence tendered on behalf of appellant, and after making supplemental findings of fact and conclusions of law, the court, on August 5, 1968, entered its order denying the motions filed by appellant, and denying him relief. Notice of appeal was filed August 16, 1968.

It is well established in New Mexico that timely taking of an appeal is jurisdictional. Board of Education, Penasco Ind. School Dist. No. 4 v. Rodriguez, 77

N.M. 309, 422 P.2d 351 (1966); Miller v. Doe, 70 N.M. 432, 374 P.2d 305 (1962).

■ Supreme Court Rule 5(1) (§ 21–2–1 (5), N.M.S.A.1953), subject to certain exceptions not here applicable, limits the time for taking an appeal to thirty days from the entry of a final judgment. It necessarily follows that the time for appeal from the order of January 5, 1968, denying relief, expired with the passage of thirty days. Compare Rice v. Gonzales, supra.

■ The only possibility for avoiding this consequence would be to treat the motion filed on May 17, 1968, seeking to have the proceedings reopened, as a new motion for relief, under Rule 93 (§ 21–1–1(93), supra). If it could be so viewed, the jurisdiction in this cause would be in the Court of Appeals, because filed after the effective date of ch. 24, § 1, N.M.S.L. 1967 (§ 16–7–8, N.M.S.A.1953), which placed jurisdiction of appeals from post-conviction proceedings in that court. It appears that counsel took this view of his appeal and filed the case there. That court, however, considered whether an appeal was being prosecuted from a determination in a proceeding seeking post-conviction relief instituted after jurisdiction had been vested in it, and determined that it was not and, accordingly, under the authority of § 16–7–10, N.M.S.A.1953, transferred the case to this court. We see no error in this action. Compare State v. Weddle, 77 N.M. 420, 423 P.2d 611 (1967).

It follows that the appeal was not taken within the time permitted by the rules, and we are without jurisdiction to consider it. It must be dismissed. It is so ordered.

NOBLE, C. J., and WALDO SPIESS, Chief Judge, Court of Appeals, concur.

## OPINION ON MOTION FOR REHEARING

PER CURIAM:

By motion for rehearing appellant argues that the amendment of Art. VI, Sec. 2, N.M.Const., in 1965, wherein it was provided "that an aggrieved party shall have an absolute right to one appeal" worked a change in our previous decisions relied on in the opinion filed herein, to the effect that the timely taking of an appeal is jurisdictional. We do not agree, but believe it desirable to set forth our reasons.

Article VI, Sec. 2, N.M.Const., as originally adopted, provided for appellate jurisdiction in the Supreme Court of "all final judgments and decisions of the district courts," with additional jurisdiction "as may be conferred by law" over appeals of "interlocutory orders and decisions of the district courts."

By the 1965 amendment, it was clearly provided that the Supreme Court was given jurisdiction over appeals of cases involving sentences to death or life imprisonment. Beyond this, appellate jurisdiction is to be exercised "as provided by law" with the proviso noted that an aggrieved party shall be entitled as a matter of right to one appeal. There can be no question that appellant's entitlement to an appeal was provided for by law. As stated in the opinion, he could appeal to the Court of Appeals if the proceeding was one commenced after the effective date of ch. 24, § 1, N.M.S.L.1967 (§ 16–7–8, N.M.S.A.1953). If commenced before that date, the Supreme Court had jurisdiction to hear the appeal. The time element is unchanged—it was and is thirty days from the entry of final judgment (Supreme Court Rule 5(1); § 21–2–1(5) (1), N.M.S.A.1953).

■ We perceive of no reason to consider that the amendment to the constitutional provision in any way altered the effect of the court rule fixing the time in which the guaranteed right to appeal should be exercised. That the appeal should be within a reasonable time which has been fixed at thirty days, as noted above, is not in any sense a deprivation of the guaranteed right. It is nothing more nor less than a procedural requirement which must be met to exercise the right. State v. Arnold, 51 N.M. 311, 183 P.2d 845 (1947). The authorities cited in the opinion still control.

The motion for rehearing should be denied. It is so ordered.