34 F.3d 1076
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William ROWLAND, Plaintiff-Appellant,
v.
Robert J. TANSY, Warden; Hal Stratton, Attorney General,
Defendant-Appellees.
 No. 93-2246.
 United States Court of Appeals, Tenth Circuit.
 Aug. 9, 1994.
 
 1
 Before TACHA and EBEL, Circuit Judges, and ROGERS,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner appeals from the district court's denial of his petition filed pursuant to 28 U.S.C. 2254 for writ of habeas corpus. The United States Magistrate Judge recommended dismissal of the petition based on procedural default. The district court adopted the magistrate's findings and recommendation and dismissed the petition with prejudice.
 
 
 4
 Petitioner was sentenced to a term of imprisonment after pleading guilty to the four-count information filed against him. He did not take a direct appeal, but petitioner filed a petition for writ of habeas corpus in state district court. The state district court denied that petition on September 2, 1988. On September 23, 1988, petitioner attempted to obtain an extension of time in which to petition the New Mexico Supreme Court for writ of certiorari, citing his lack of legal experience and research time. The clerk of the New Mexico Supreme Court mailed the motion back to petitioner, explaining that the New Mexico Rules of Appellate Procedure made no provision for extension of time to file a petition for writ of certiorari.
 
 
 5
 Petitioner filed a pro se petition for writ of certiorari with the New Mexico Supreme Court on October 5, 1988. The clerk of the supreme court responded with a letter to petitioner indicating that his petition was untimely and that the rules did not allow acceptance of an untimely petition. Petitioner then filed a habeas petition in federal district court.
 
 
 6
 We review de novo a district court's denial of habeas relief. Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir.), cert. denied, 114 S.Ct. 129 (1993). "On habeas review, we do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown." Steele v. Young, 11 F.3d 1518, 1521 (10th Cir.1993).
 
 
 7
 New Mexico Rule of Appellate Procedure 12-501 provides that petitions for writs of certiorari shall be filed within thirty days of the district court's denial of a habeas petition. SCRA 1986, 12-501. Consideration of the merits of petitioner's habeas claims by the New Mexico Supreme Court was barred by his untimely petition for writ of certiorari. See State v. Weddle, 442 P.2d 210, 211 (N.M. Ct.App.1966). Untimely filing of the petition for writ of certiorari is an adequate and independent state ground as defined by the test stated in Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991), cert. denied, 112 S.Ct. 1213 (1992). See Weddle, 442 P.2d at 211 (recognizing that timely filing of appeal to New Mexico Supreme Court is jurisdictional). Petitioner's reliance on Swafford v. State, 810 P.2d 1223 (N.M.1991), is misplaced. The New Mexico court in that case did not, as petitioner suggests, make an exception and consider an untimely petition for writ of certiorari. The exception made by the court in that habeas case was to consider issues that could have been, but were not, raised in the direct appeal. Id. at 1226 n. 1.
 
 
 8
 Neither can petitioner find relief under the "cause and prejudice" exception to procedural default. Cause must be something external and not attributable to petitioner. Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.1991). Petitioner's lack of legal training and pro se status do not constitute cause to excuse his state procedural default.[2] Id. at 688.
 
 
 9
 Finally, petitioner has not supplemented his constitutional claim with any evidence of actual innocence, thus precluding application of the fundamental miscarriage of justice exception to procedural default. See Steele, 11 F.3d at 1522.[3] Accordingly, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Because petitioner has not shown cause, we need not address the issue of prejudice. See Steele, 11 F.3d at 1522 n. 7
 
 
 [3]
 We have reviewed petitioner's double jeopardy claims, and we note that, even were the claims not procedurally barred, they have no merit