51 F.3d 285
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas N. BRADY, Petitioner-Appellant,
v.
Robert J. TANSY; John Thomas, Respondents-Appellees.
 No. 94-2005.
 United States Court of Appeals, Tenth Circuit.
 March 31, 1995.
 
 ORDER AND JUDGMENT[1]
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 Thomas N. Brady appeals from the district court's decision to dismiss his petition for habeas corpus relief, which was filed pursuant to 28 U.S.C. 2254. Mr. Brady pleaded guilty to two counts of second degree criminal sexual penetration in New Mexico state court and was ultimately sentenced to a term of seven years' imprisonment. He now challenges his plea on the basis that it was not knowing and voluntary. In addition, he argues he received ineffective assistance of counsel during the proceedings. Based on the magistrate judge's recommendation, the district court held Mr. Brady procedurally defaulted his federal claims. We affirm.
 Mr. Brady entered his plea on January 10, 1991. On February 12, he filed a notice of appeal, arguing that the guilty plea was involuntary. Shortly after that notice was filed, however, Mr. Brady sought to withdraw the appeal. That motion was granted on March 6, 1991. In July of 1991, Mr. Brady filed a petition for writ of habeas corpus in state district court. That petition was denied on September 25, 1991. On December 3, he filed a petition for writ of certiorari with the New Mexico Supreme Court. That request was denied summarily on January 7, 1992. This federal habeas action followed. Our review of the district court's dismissal is de novo. See Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th Cir.1993).
 Pursuant to New Mexico Rule of Appellate Procedure 12-501, all petitions for writ of certiorari must be filed within thirty days of the district court's original denial of the petition. The court will not consider the merits of untimely claims. State v. Weddle, 442 P.2d 210, 211 (N.M. Ct.App.1966), opinion adopted in part & appeal dismissed, 423 P.2d 609 (N.M.1967). Under the New Mexico scheme, Mr. Brady's late filing constituted a jurisdictional bar to consideration of his claims. See id. The Supreme Court's decision to deny the petition was, therefore, based on an independent and adequate state procedural ground. See Maes v. Thomas, 46 F.3d 979, 985 (10th Cir.), petition for cert. filed, (U.S. Mar. 13, 1995)(No. 94-8391).
 Normally, this court cannot address claims which were rejected on an independent and adequate state ground. Steele v. Young, 11 F.3d 1518, 1521 (10th Cir.1993). To overcome the default, Mr. Brady must establish cause and resulting prejudice for his failure to follow the appellate rules, or that a fundamental miscarriage of justice will occur absent our review. Id. We conclude he has not made a showing under either of these standards sufficient to overcome the procedural bar.
 
 
 1
 As a preliminary matter, Mr. Brady maintains the New Mexico Supreme Court's order denying review is insufficient to establish procedural default. He argues that because the order does not provide that the denial was based on the untimely petition, the claims are reviewable. The order states:
 
 
 2
 This matter coming on for consideration by the court upon Petition for Writ of Certiorari filed pursuant to Rule 12-501 of the Rules of Appellate Procedure, and the Court having considered said petition and being sufficiently advised;
 
 
 3
 NOW, THEREFORE, IT IS ORDERED that the Petition for Writ of Certiorari is hereby denied.
 
 
 4
 Rec. Vol. I, doc. 18, Exh. O. Mr. Brady argues, in effect, that procedural bar is inapplicable whenever the state court does not delineate in a precise manner the procedural basis for the habeas denial. The United States Supreme Court has rejected this precise argument.
 
 
 5
 "The presumption [of review] at present applies only when it fairly appears that a state court judgment rested primarily on federal law or was interwoven with federal law, that is, in those cases where a federal court has good reason to question whether there is an independent and adequate state ground for the decision." Coleman v. Thompson, 501 U.S. 722, 739 (1991). Here, there is no reason to think the New Mexico Supreme Court even considered Mr. Brady's federal claims. Indeed, the court was jurisdictionally barred from doing so. Consequently, we reject petitioner's argument that the procedural default doctrine is inapplicable.
 
 
 6
 Similarly, we must reject Mr. Brady's claim that he has shown cause for his default. He maintains the late filing was the result of his confusion regarding the appellate rules and problems with prison mail delivery. His pro se status, however, and resulting "lack of awareness and training on legal issues" are insufficient to establish cause. Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir.1991).[2] Moreover, regardless of any mail delivery problems, the record provides that Mr. Brady did not even sign the petition until one day after the required filing date. As a consequence, his argument that the prison caused the delay is unavailing.
 
 
 7
 We conclude Mr. Brady has not shown cause sufficient to overcome his procedural default. Because he cannot satisfy that standard, we need not consider the issue of prejudice. Steele, 11 F.3d at 1522 n. 7. In addition, Mr. Brady has not made a showing of factual innocence sufficient to invoke the very narrow miscarriage of justice exception. See Sawyer v. Whitley, 112 S.Ct. 2514, 2518-19 (1992)(discussing actual innocence exception).
 
 
 8
 Our disposition obviates the need to consider the merits of Mr. Brady's claims. We note, however, that we have reviewed the challenges he presents and conclude they must be rejected in any event. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [2]
 In an affidavit submitted after the magistrate judge held the evidentiary hearing in this matter, Mr. Brady sought to introduce additional evidence regarding the alleged reasons for his procedural default. The magistrate judge denied his motion to submit the affidavit. That denial was not an abuse of discretion. See Gillette v. Tansy, 17 F.3d 308, 313 (10th Cir.1994)